# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

FRED FOREST
**Plaintiff**

vs.

PEORIA COUNTY JAIL

**Defendant(s)**
MICHAEL D. McCOY, STEVEN SMITH,
TAZEWELL COUNTY JAIL, ROBERT HUSTON,
EARL HELM, FEDERAL BUREAU
of PRISONS, HARLEY G. LAPPIN,
STEPHEN A. CULLINAN,
M. HONAN, APRIL WILSON, &
RENEE (LAST NAME UNKNOWN)

Case No. 09-1026

(The case # will be assigned by the clerk)

E-FILED
Friday, 23 January, 2009 01:24:38 PM
Clerk, U.S. District Court, ILCD

FILED
JAN 2 3 2009
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action

---

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

*(against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

- [x] 42 U.S.C. §1983 (state, county or municipal defendants)

- [x] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

- [x] Other federal law: ~~NEGLIGENCE~~ 1) MALPRACTICE & 2) NEGLIGENCE & 3) DELIBERATE Indifference

- [x] Unknown  Any other LEGAL CLAIM(S) under The Laws of The U.S. And/or The State of IL.

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. **Plaintiff:**

Full Name: FRED FOREST

Prison Identification Number: 11658-026

Current address: P.O. Box 1000
Loretto, PA 15940

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. **Defendants**

Defendant #1:

Full Name: PEORIA COUNTY JAIL

Current Job Title: _____

2

Current Work Address  301 N. MAXWELL RD.
PEORIA, IL 61604

**Defendant #2:**

Full Name: MICHAEL D. McCOY

Current Job Title: PEORIA COUNTY SHERIFF

Current Work Address  301 N. MAXWELL RD.
PEORIA, IL 61604

**Defendant #3:**

Full Name: STEVEN SMITH

Current Job Title: CORRECTIONAL SUPERINTENDENT of PEORIA COUNTY JAIL

Current Work Address  301 N. MAXWELL RD.
PEORIA, IL 61604

**Defendant #4:**

Full Name: TAZEWELL COUNTY JAIL

Current Job Title: _____

Current Work Address  101 S. CAPITOL ST.
PEKIN, IL 61554

**Defendant #5:**

Full Name: ROBERT HUSTON

Current Job Title: SHERIFF OF TAZEWELL COUNTY

Current Work Address  101 S. CAPITOL ST.
PEKIN, IL 61554

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

   1. Name of Case, Court and Docket Number _____

   2. Basic claim made _____

   3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court*

*in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☒  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒  No ☐

If your answer is no, explain why not _____
_____

C. Is the grievance process completed?  Yes ☒  No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  TAZEWELL COUNTY JAIL & PEORIA COUNTY JAIL (ILLINOIS)

Date(s) of the occurrence  VARIOUS, HOWEVER GENERALLY FROM SEP 2007 - MAY 2008

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

GENERAL ALLEGATIONS

1) AT ALL TIMES RELEVANT TO THIS COMPLAINT, I WAS IN FEDERAL CUSTODY.

2) FROM ABOUT 9-5-07 TO 3-31-08, I WAS IN FEDERAL CUSTODY BUT HELD AT PEORIA COUNTY JAIL (HEREINAFTER "PCJ").

5

3) From about 3-31-08 to 5-12-08, I was in Federal Custody but held at Tazwell County Jail (hereinafter "TCJ").

4) From about 5-12-08 to 6-5-08, I was in Federal Custody and held at Federal Correctional Institute Oklahoma & Lewisberg. Since 6-5-08, I've been in FCI-Loretto.

5) While I was at PCJ, for the first 65 days, the medical staff did not give me any of my insulin shots despite the fact that I'm an insulin dependant diebietic. PCJ knew that I was an insulin dependant diebietic. The staff did however take my sugar level readings. These readings indicated that my sugar level averaged 300 — the highest reading on 10-5-07 was 435. As indicated in my medical charts, sugar readings between 70-110 is considered normal. As my medical charts show, I was always over 110. My repeated demands for insulin were all ignored.

6) On or about 11-12-07, I had a court date. In court, I informed my lawyer that I was not receiving my insulin shots. My lawyer informed the judge and the judge instructed the Marshal to tell PCJ to give me the insulin shots.

7) Days later, my sugar levels dropped from 328 to 142 (186 pts.). However, my sugar began running high again because I was given the wrong doses of insulin. After repeated demands, my dose was increased and from 12-6-07 until 3-31-08 (the day I left) my sugar levels were finally normal.

8) At all relevant times while I was at PCJ, I was mostly treated by Defendant Dr. Stephen A. Cullinan (hereinafter "Dr. C"). At times, I was also treated by Defendant Dr. M. Honan (hereinafter "Dr. M").

9) At all relevant times while I was at PCJ: (A) Defendant April Wilson was Head of Medical; (B) Defendant Michael D. McCoy was the Peoria County Sheriff; (C) Defendant Steven Smith was the Correctional Superintendent of PCJ; and (D) Harley G. Lappin was the Director of the Bureau of Prisons.

10) I arrived at TCJ on or about 4-1-08 and placed in intake (not in the general prison population). My sugar level was 114. TCJ continued checking my sugar until 4-5-08 when I was transferred to the general prison population. Thereafter, TCJ stopped taking my sugar level readings. The only reading they took was on 4-30-08, some 24 days later.

11) After I was placed in the prison's general population (ie: on 4-6-08), a member of TCJ's medical staff would come to my room and give me my other medications, but not my insulin. Between 4-1-08 and 5-12-08, I wrote many "cop-outs" to Dr. C (who was also a doctor at TCJ in addition to PCJ) and Defendant Renee (last name unknown) demanding sugar readings and insulin shots. On 5-2-08, Dr. C responded to my cop-out stating that the prison's policy only required bi-weekly sugar readings and that my treatment for diabetes is NON-MEDICATED. In other words, Dr. C stated that I was not insulin dependent. Rather, he wrote, my treatment would be through diet control. Remember, Dr. C

7

WAS THE DOCTOR AT PCJ AND THEREFORE KNEW THAT I WAS INSULIN DEPENDENT.

12) DURING MY ENTIRE 42+ DAYS AT TCJ, I NEVER RECEIVED A SINGLE DOSE OF INSULIN, DESPITE MY REPEATED DEMANDS.

13) AT ALL RELEVANT TIMES WHILE I WAS AT TCJ: (A) Dr. C. WAS THE STAFF MEDICAL DOCTOR THAT TREATED ME; (B) ROBERT HUSTON WAS THE SHERIFF OF TAZEWELL COUNTY; (C) EARL HELM WAS THE TAZEWELL COUNTY JAIL SUPERINTENDENT; AND (D) RENEE (LAST NAME UNKNOWN) WAS THE HEAD OF MEDICAL ADMINISTRATION AT TAZEWELL COUNTY JAIL.

14) ON OR ABOUT 5-12-08, I LEFT TCJ AND WAS TRANSFERRED TO FEDERAL CORRECTIONAL INSTITUTE - OKLAHOMA. IMMEDIATELY UPON MY ARRIVAL, THE MARSHALL'S REMOVED ME OFF THE AIRPLANE (AHEAD OF EVERYBODY) AND RUSHED ME TO MEDICAL TO RECEIVE AN INSULIN SHOT. OKLAHOMA KNEW THAT I HAD NOT RECEIVED MY INSULIN SHOT IN 42+ DAYS.

Cause of Action

15) FAILURE TO PROVIDE ME WITH MY INSULIN SHOTS IS NEGLIGENCE BY ALL THE DEFENDANTS.

16) IN THE ALTERNATIVE, FAILURE TO PROVIDE ME WITH MY INSULIN SHOTS IS MEDICAL MALPRACTICE.

17) IN THE ALTERNATIVE, THE DEFENDANTS IN THIS CASE ACTED WITH A DELIBERATE INDIFFERENCE TO MY 8TH AMENDMENT RIGHTS.

18) In the alternative, the defendants violated my constitutional rights pursuant to 42 U.S.C. § 1983 and or Bivens.

19) As a result of not receiving insulin, it is common knowledge among lay people that an insulin dependent diabetic can suffer severe injuries if he/she does not take their insulin.

20) In my case, as a result of not receiving my insulin shots:
   A) I've been diagnosed with Neuropathy by FCI-Oklahoma and FCI-Loretto. Neuropathy is caused by uncontrolled diabetes and will result in my feet being amputated;
   B) My feet hurt all the time;
   C) My feet are always numb & tingle;
   D) My legs are discolored;
   E) My toes are discolored; and
   F) My skin is flaking.

(Continued on next page)

# RELIEF REQUESTED

*(State what relief you want from the court.)*

Based on the foregoing, (I) Plaintiff respectfully requests that this Court enter an award of damages as follows against all the Defendants:

1) Compensatory damages for the physical pain & injury I suffered in the amount of $1,000,000;
2) Compensatory damages for my mental anguish in the amount of $1,000,000;
3) Punitive damages in the amount of $5,000,000; and
4) Any other relief this Court deems appropriate.

**JURY DEMAND**  Yes ☒  No ☐

Signed this 14th day of January, 2009.

*Fred Forest*

*(Signature of Plaintiff)*

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| FRED FOREST | 11658-026 |
| Address: FCI- LORETTO<br>P.O. Box 1000<br>Loretto, PA 15940 | Telephone Number:<br>N/A |

FRED FOREST       11658-026

FCI- LORETTO

# AFFIDAVIT OF FRED FOREST

I, Fred Forest, state that I do not have any assets other than my balance in the account at FCI-Loretto.

*Fred Forest*
FRED FOREST
DATE: 12-10-08

[Notary stamp: Commonwealth of Pennsylvania, Notarial Seal, Kenneth R. Rice, Notary Public]

[Notary signature]

DEFENDANT # 6:

EARL HELM
TAZEWELL COUNTY JAIL SUPERINTENDENT
101 S. CAPITOL ST.
PEKIN, IL 61554


DEFENDANT # 7:

FEDERAL BUREAU OF PRISONS
320 FIRST ST. NW
WASHINGTON, DC 20534


DEFENDANT # 8:

HARLEY G. LAPPIN
DIRECTOR OF BOP
320 FIRST ST. NW
WASHINGTON, DC 20534


DEFENDANT # 9:

STEPHEN A. CULLINAN, M.D.
301 N. MAXWELL RD.
PEORIA, IL 61604


DEFENDANT # 10:

M. HONAN, M.D.
301 N. MAXWELL RD.
PEORIA, IL 61604

DEFENDANT #11:

    APRIL WILSON
    HEAD OF MEDICAL ADMINISTRATION AT PEORIA COUNTY JAIL
    301 N. MAXWELL RD.
    PEORIA, IL 61604

DEFENDANT #12:

    RENEE (LAST NAME UNKNOWN)
    HEAD OF MEDICAL ADMINISTRATION AT TAZEWELL COUNTY JAIL
    101 S. CAPITOL ST.
    PEKIN, IL 61554